IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUSTINE BONSU**, | : | CIVIL ACTION NO. 1:05-CV-2444 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JACKSON LIFE INSURANCE**, | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 9th day of June, 2006, upon consideration of the motion to dismiss, to strike, or for a more definitive statement (Doc. 8),[1] arguing that *pro se* plaintiff's request for emotional distress damages and attorney's fees is not sufficiently set forth in the complaint, that the request for a specified amount in unliquidated damages should be stricken, and that the complaint does not comply with federal rules of procedure, see FED. R. CIV. P. 12(b)(6), (e), (f), and it appearing that the pleading avers neither physical injury/impact from the breach of contract, see Nicholas v. Pa. State Univ., 227 F.3d 133, 146-47 (3d Cir. 2000) ("Under Pennsylvania law, to recover for mental anguish in a breach of contract case, 'plaintiffs must allege physical injury or physical impact.'" (citations omitted)), nor a breach "of such a type that serious emotional disturbance is a particularly likely result," Rittenhouse Regency Affiliates v. Passen, 482 A.2d 1042, 1043 (Pa. Super.

---

[1] Culled to its essence, the complaint alleges a breach of contract in that defendant purportedly failed to remit $250,000 to plaintiff, as the beneficiary, under the terms of a life insurance policy of plaintiff's brother. (Doc. 1.)

Ct. 1984) (citing RESTATEMENT (SECOND) OF CONTRACTS § 353 (1981)); see also Rodgers v. Nationwide Mut. Ins. Co., 496 A.2d 811, 814-16 (Pa. Super. Ct. 1985),[2] that the complaint does not set forth a basis for the recovery of attorney's fees, see Mosaica Acad. Charter Sch. v. Commonwealth Dep't of Educ., 813 A.2d 813, 822 (Pa. 2002) ("[A] litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties or some other established exception."), that the complaint's request for a specific amount in unliquidated damages is prohibited under the Local Rules, see L.R. 8.1 ("The demand for judgment . . . may set forth generally that the party claiming damages is entitled to monetary relief but shall not claim any specific sum where unliquidated damages are involved."); see also R.S.E., Inc.v. Pennsy Supply, Inc., 77 F.R.D. 702, 702 (M.D. Pa. 1977) (stating that *ad damnum* clause should be stricken where "juror prejudice may ensue from the allegations of 'purely arbitrary figures'"); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1259 (3d ed. 2004) (stating that specific demand may "improperly influence" the jury or cause "other indirect injury" to the defendant), and it further appearing that the paragraphs in the complaint are neither numbered nor limited to a single set of circumstances, see FED. R. CIV. P. 10(b) ("All averments of claim . . . shall be made in numbered paragraphs, the contents of which shall be limited . . . to a statement of a

---

[2] Plaintiff concedes that he cannot recover for the mental distress of family members not parties to this case. (See Doc. 11 at 3.)

single set of circumstances . . . ."),³ it is hereby ORDERED that the motion to dismiss, to strike, or for a more definitive statement (Doc. 8) is GRANTED as follows:

1. The complaint (Doc. 1) is STRICKEN in its entirety.  FED. R. CIV. P. 10(b), 12(e), (f); L.R. 8.1; Nicholas v. Pa. State Univ., 227 F.3d 133, 146-47 (3d Cir. 2000); Mosaica Acad. Charter Sch. v. Commonwealth Dep't of Educ., 813 A.2d 813, 822 (Pa. 2002).

2. Plaintiff shall file an amended complaint, on or before July 10, 2006, that substantially complies with the requirements of federal and local rules of procedure.  See, e.g., FED. R. CIV. P. 8, 10; L.R. 8.1.

3. Failure to file a timely amended complaint will result in the dismissal of this case.

       /s/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

³ Although the complaint does not specifically set forth the grounds for the court's jurisdiction, see FED. R. CIV. P. 8(a)(1) (providing that the complaint shall contain "a short and plain statement of the grounds upon which the court's jurisdiction depends"), it does indicate that defendant is located in Lansing, Michigan, see 28 U.S.C. § 1332(a) (stating that a district court has original jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States").  See Leamer v. Fauver, 288 F.3d 532, 547-48 (3d Cir. 2002) (stating that the court should construe *pro se* pleadings liberally).