IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUSTINE BONSU**, | : | CIVIL ACTION NO. 1:05-CV-2444 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **JACKSON NATIONAL LIFE INSURANCE**, | : | |
| Defendant | : | |

**MEMORANDUM**

Presently before the court is a motion for partial summary judgment by defendant Jackson Life Insurance ("Jackson National"). Jackson National asserts a statute of limitations defense to plaintiff Augustine Bonsu's ("Bonsu") bad faith claim and attendant request for punitive damages and attorney's fees. For the reasons that follow, the motion will be denied.

**I.    Statement of Facts**[1]

On June 14, 2004, Jackson National denied Bonsu's claim for the proceeds of a life insurance policy. (Doc. 22 ¶ 2; Doc. 40 ¶ 2.) Bonsu subsequently filed a *pro se* complaint on November 25, 2005 (Doc. 1) seeking to recover these proceeds. (Doc. 22 ¶ 1; Doc. 40 ¶ 1.) In this complaint, Bonsu alleged that his brother took out a $250,000 life insurance policy, with Bonsu as the beneficiary, and that his brother died while on vacation in Ghana. (Doc. 1 at 1.) Bonsu further alleged that: (1) he

---

[1] In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to plaintiff, the non-moving party. See infra Part II.

provided Jackson National with the original death certificate and his brother's medical records, (2) Jackson National stated that it would send a letter to the appropriate department in Ghana requesting verification of his brother's death, (3) Bonsu provided Jackson National with the name and address of his contact in Ghana, (4) Jackson National informed Bonsu that a representative had traveled to Ghana and could not find evidence of his brother's death, and (5) Bonsu's contact in Ghana informed Bonsu that no one from Jackson National asked for information regarding his brother's death.  (Id. at 1-2.)

On December 28, 2005, Jackson National filed a motion to dismiss, to strike, or for a more definite statement.  (Doc. 8.)  The order of court dated June 9, 2006 (Doc. 16) granted the motion by striking the *pro se* complaint in its entirety and directing Bonsu to file an amended complaint in compliance with the requirements of federal and local rules of procedure.  Subsequently, Autumn A. Walden, Esquire, entered an appearance on behalf of Bonsu (see Doc. 18) and filed an amended complaint (Doc. 19) on July 9, 2006 raising two claims:  (1) breach of contract and (2) bad faith.  On July 26, 2006, Jackson National filed the instant motion for partial summary judgment asserting a statute of limitations defense to the bad faith claim.  The motion has been fully briefed and is ripe for disposition.

## II.    Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact," and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(c).  It places

the burden on the non-moving party to adduce "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

## III.   Discussion

Jackson National argues that the bad faith claim was raised for the first time in the amended complaint and is, therefore, barred by the two-year statute of limitations.[2]  Bonsu contends that the original, *pro se* complaint gave adequate notice of his bad faith claim.  The court agrees with Bonsu and will, therefore, deny Jackson National's motion for partial summary judgment.

---

[2] Jackson National bases this argument on the date of its letter which denied Bonsu's claim under his brother's life insurance policy—June 14, 2004 (Doc. 23, Ex. D)—and the date of the amended complaint—July 9, 2006 (Doc. 19).  See 42 PA. CONS. STAT. ANN. § 5524; Ash v. Cont'l Ins. Co., 861 A.2d 979, 984 (Pa. Super. Ct. 2004) (stating that a claim of insurance bad faith under 42 Pa. Cons. Stat. Ann. § 8371 "is a statutorily-created tort action subject to a two-year statute of limitations"); see also Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 224 (3d Cir. 2005).

Section 8371 of Title 42 of the Pennsylvania Consolidated Statutes creates a statutory remedy for bad faith in the handling of insurance policies.[3] See Nelson v. State Farm Mut. Auto Ins. Co., 988 F. Supp. 527, 532 (E.D. Pa. Dec. 12, 1997). The statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2)  Award punitive damages against the insurer.
> (3)  Assess court costs and attorney fees against the insurer.

42 PA. CONS. STAT. ANN. § 8371. Pennsylvania's bad faith statute offers no definition of "bad faith toward the insured." Condio v. Erie Ins. Exch., 899 A.2d 1136, 1156 (Pa. Super. Ct. 2006). However, the Pennsylvania Superior Court and the Third Circuit Court of Appeals have repeatedly held that "the essence of a bad faith claim must be the unreasonable and intentional (or reckless) denial of benefits." UPMC Health Sys. v. Metro. Life Ins. Co., 391 F.3d 497, 506 (3d Cir. 2004); see also Cresswell v. Pa. Nat'l Mut. Cas. Inx. Co., 820 A.2d 172, 180 (Pa. Super. Ct. 2003) ("[A] 'bad faith' claim must demonstrate by clear and convincing evidence that: (1) insurer lacked a reasonable basis for denying benefits; and (2) insurer knew or recklessly disregarded its lack of a reasonable basis."); O'Donnell v. Allstate Ins.

---

[3] Although the amended complaint does not cite section 8371, the court assumes for the purposes of this memorandum that Bonsu brings the bad faith claim pursuant to this section.

Co., 734 A.2d 901 (Pa. Super. Ct. 1999) ("'Bad faith' on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy.").

In the matter *sub judice*, a liberal reading of the *pro se* complaint[4] reveals that the complaint put Jackson National on notice of a bad faith claim pursuant to section 8371.[5]  In the *pro se* complaint, Bonsu alleges that he provided Jackson National with his brother's original death certificate and that Jackson National did not investigate the matter, as it said it would, before denying his claim.  Such allegations, if true, would demonstrate that Jackson National "lacked a reasonable basis for denying" Bonsu's claim and that Jackson National "knew or recklessly disregarded its lack of a reasonable basis."  See Cresswell, 820 A.2d at 180.  Therefore, the court finds that the *pro se* complaint put Jackson National on notice of a bad faith claim.  Bonsu filed the *pro se* complaint on November 25, 2005, within two years of Jackson National's June 14, 2004 denial of benefits.  Although the *pro se* complaint was stricken from the record (see Doc. 16), the amended complaint

---

[4] See Haines v. Kerner, 404 U.S. 519, 520 (1972) (providing that *pro se* plaintiff's pleadings are to be construed liberally); see also Leamer v. Fauver, 288 F.3d 532, 547-48 (3d Cir. 2002) (stating that the court should construe *pro se* pleadings liberally).

[5] In its reply brief to the instant motion, Jackson National contends that the court "ruled that the only cause of action raised in [the *pro se*] complaint was for breach of contract."  (Doc. 32 at 2.)  The court recognizes that in ruling on Jackson National's motion to dismiss, to strike, or for a more definitive statement (Doc. 8), the court *summarized* that "[c]ulled to its essence, the [*pro se*] complaint alleges a breach of contract in that defendant failed to remit $250,000 to plaintiff, as the beneficiary, under the terms of a life insurance policy of plaintiff's brother."  (Doc. 16 at 1 n.1.)  However, attendant to the *pro se* allegations of breach of contract is a bad faith claim.

"relates back to the date of the original pleading." See FED. R. CIV. P. 15(c)(2). Therefore, the bad faith claim is not time barred and the court will deny Jackson National's motion for partial summary judgment.

An appropriate order will issue.

      /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     October 11, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUSTINE BONSU**, | : | **CIVIL ACTION NO. 1:05-CV-2444** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JACKSON NATIONAL LIFE INSURANCE**, | : | |
| **Defendant** | : | |

## **ORDER**

AND NOW, this 11th day of October, 2007, upon consideration of defendant's motion for partial summary judgment (Doc. 21), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1.   The motion for partial summary judgment (Doc. 21) is DENIED.

2.   A revised pretrial and trial schedule will issue by future order of court.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge