IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUSTINE BONSU**, | : | **CIVIL ACTION NO. 1:05-CV-2444** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **JACKSON NATIONAL LIFE INSURANCE**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 6th day of October, 2008, upon consideration of the motion (Doc. 90) filed by non-party the United States Social Security Administration ("SSA"), requesting that the court vacate its orders dated May 5, 2008 (Doc. 81) and May 21, 2008 (Doc. 84), which compelled the SSA to produce certain information associated with social security numbers issued to plaintiff Augustine Bonsu and Kwaku Asamoah,[1] and it appearing that the SSA has refused to produce the required documents by invoking the prohibition upon government disclosure of tax returns and "return information" contained in 26 U.S.C. § 6103, (see Doc. 91), and

---

[1] Specifically, the order of court dated May 5, 2008 (Doc. 81) requires the Social Security Administration ("SSA") to produce the following with respect to Augustine Bonsu and Kwaku Asamoah: (1) identification of the date on which the social security numbers were issued, (2) an identification of whether these social security numbers were suspended or revoked, (3) information as to the dates on which contributions/payroll deductions were made with respect to Kwaku Asamoah's social security number, (4) the identities of all the employers who made such deductions/contributions, and (5) information as to any benefits disbursed to Kwaku Asamoah.

the court concluding that the SSA has failed to establish that § 6103 prohibits it from disclosing the information sought,[2] it is hereby ORDERED that:

1. The motion (Doc. 90) filed by the SSA, requesting that the court vacate its orders dated May 5, 2008 (Doc. 81) and May 21, 2008 (Doc. 84), is DENIED.

---

[2] The SSA cites two authorities in its brief in support of the motion to vacate, neither of which endorse the proposition that 26 U.S.C. § 6103 bars the SSA from disclosing the information that it was directed to produce by the order of court dated May 5, 2008. (See Doc. 91 at 3 (citing Church of Scientology of Cal. v. IRS, 484 U.S. 9, 10 (1987), and Wilkerson v. United States, 67 F.3d 112, 116 n.3 (5th Cir. 1995)). Neither authority discusses the extent to which § 6103 proscribes *the SSA* from disclosing the social security information it lawfully obtains, independent of the IRS, or the extent to which information submitted to the SSA constitutes a "tax return" or "return information" under the statute. As other courts have noted, the scope of data considered "return information" is quite large, such that the "identified information, *if in the hands of the IRS* at all, is categorically sheltered from disclosure." Adamowicz v. IRS, 552 F. Supp. 2d 355, 368 (S.D.N.Y. 2008) (emphasis added). In the instant matter, however, the material sought is not in the hands of the IRS, but is instead retained by the SSA. This is a critical fact, for the court's independent research reveals that § 6103 specifically governs the disclosure of information acquired by the IRS in regards to an individual's tax liability. See Allan Karnes & Roger Lirely, Striking Back at the IRS: Using Internal Revenue Code Provisions to Redress Unauthorized Disclosures of Tax Returns or Return Information, 23 SETON HALL L. REV. 924, 933-35 & nn.40-56 (1993) (surveying cases). Even the sole authority cited by the SSA in support of the proposition that social security numbers constitute "return information" concerns a circumstance in which the data in question was gathered and improperly disclosed by the IRS. See Wilkerson, 67 F.3d at 116 & n.3. Thus, the court finds that § 6103 bars IRS disclosure of "return information" but does not prevent the SSA from producing—pursuant to a court order—data lawfully acquired by, and in the possession of, the SSA.

2. On or before October 15, 2008, the SSA shall produce, *in an unredacted form*, the information described in Paragraph 2 of the order of court dated May 5, 2008 (Doc. 81).  Certified copies of all such records shall be provided to the law offices of Thomas, Thomas & Hafer, 305 N. Front St., Harrisburg, Pennsylvania 17108, c/o Todd B. Narvol.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge