IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AUGUSTINE BONSU**, | : | **CIVIL ACTION NO. 1:05-CV-2444** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **JACKSON NATIONAL LIFE INSURANCE**, | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 12th day of March, 2009, upon consideration of the motion (Doc. 105) for reconsideration, filed by non-party the United States Social Security Administration ("SSA"), wherein SSA moves under Federal Rule of Civil Procedure 59(e) and Local Rule 7.10 for reconsideration of the order of court (Doc. 101) dated October 6, 2008, and it appearing that the court's October 6, 2008 order compelled SSA to produce various tax-related documents, (see id. ¶ 2), and that the order is interlocutory as opposed to a judgment, rendering Rule 59(e) inapplicable as a basis under which to seek reconsideration, see FED. R. CIV. P. 59(e) ("A motion to alter or amend judgment must be filed no later than 10 days after the entry of judgment."); O. Hommel Co. v. Ferro Corp., 659 F.2d 340, 353 (3d Cir. 1981) (defining "judgment" as a "final judgment," which comprises "a decree and any order from which an appeal lies"); Fallowfield Dev. Corp. v. Strunk, Civ. A. 89-8644, 1993 WL 133326, at *2-3 (E.D. Pa. Apr. 27, 1993) (holding that Rule 59(e) allows appeals of final judgments and appealable interlocutory orders); see also 11 CHARLES A. WRIGHT ET

AL., FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995), and it further appearing that on two prior occasions SSA has raised the substantive arguments contained in its instant motion, (see Doc. 75 (opposing defendant's motion to compel); Doc. 91 (moving to vacate the orders of court dated May 5 and May 21, 2008)), that the court considered SSA's arguments and rejected them, (see Docs. 81, 101), and that a motion for reconsideration is not a means by which parties may simply relitigate matters of disagreement with the court,[1] see Lester v. Percudani, No. 3:01-CV-1182, 2008 WL 4722749, at * 3 (M.D. Pa. Oct. 24, 2008); Abu-Jamal v. Horn, No. Civ. A. 99-5089, 2001 WL 1609761, at *9 (E.D. Pa. Dec. 18, 2001), it is hereby ORDERED that:

1. The motion (Doc. 105) for reconsideration is DENIED.

2. On or before March 26, 2009, the SSA shall produce, *in an unredacted form*, the information described in Paragraph 2 of the order of court dated May 5, 2008 (Doc. 81). Certified copies of all such records shall be provided to the law offices of Thomas, Thomas & Hafer, 305 N. Front St., Harrisburg, Pennsylvania 17108, c/o Todd B. Narvol.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] SSA contends that the Internal Revenue Code, 26 U.S.C. § 6103, prohibits it from producing the documents sought by defendants. (Doc. 106.) Although this argument has been raised twice before, SSA's instant motion explains the contention in more detail. For the first time, SSA identifies an information-sharing agreement between SSA and the Internal Revenue Service, it attaches declarations from agency officials, and submits evidentiary exhibits. The effort to reassert the statutory prohibitions contained in § 6103 represents the "classic attempt at a 'second bite at the apple,'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995), and reconsideration is therefore inappropriate.